878

Hila E. COX, Individually, and suing for her
infant children, Phylis Juanita Cox,
et al., Appellants,

v.

PEABODY COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

June 1, 1962.

J. Leonard Davis, Harlan, for appellants.

Sampson & Rice, Harlan, for appellees.

PALMORE, Judge.

Following the death of Pleasant A. Cox on June 30, 1958, his widow claimed workmen's compensation for herself and her infant children, alleging that his death resulted from silicosis which arose out of and in the course of his employment with the appellee Peabody Coal Company. She took the depositions of two physicians who had examined or treated the decedent prior to his death. In giving their opinions relating to the cause of death each of the doctors relied to some extent on a review of X-ray films on file at the Harlan Memorial Hospital. Because the claimant would not or did not voluntarily cause these films to be released to the employer for examination by physicians of its own choosing, the Workmen's Compensation Board dismissed the claim without prejudice.

On appeal to the Harlan Circuit Court the action of the board was affirmed, whereupon the claimant has now appealed to this court.

After completion of claimant's proof counsel for the employer filed with the board a motion for extension of time in which to take evidence in defense, stating as grounds that counsel for the claimant had assured him that he would obtain the X-ray films for submission to physicians of the employer's choice, but had not yet done so. There was no response to this motion, and it was sustained. It developed shortly afterward, however, that the claimant had changed her mind, and the board sustained a defense motion to hold the proceeding in abeyance until such time as she saw fit to authorize release of the films. Some two months later, still at loggerheads, the parties filed counter motions, claimant asking that the cause be submitted for decision on her evidence alone and the employer requesting an order to show cause why it should not be dismissed. After first over-

ruling the company's motion and sustaining the motion to submit, pursuant to a further motion by the company the board reconsidered its action and dismissed the claim without prejudice.

The company contends, and the trial court agreed, that its right to have the X-ray films comes within the scope of KRS 342.021(2), which provides as follows:

"If the employe should be examined or treated by any doctor of his own choosing the employe shall, immediately following said examination, cause a copy of the report thereof to be furnished to his employer or to the board, if required by either."

 It is our opinion that an X-ray film ordinarily is no more a part of the "report" made on the basis thereof than is a blood sample or urine specimen. However, since they are preserved for future reference there is no reason why they cannot be reached by an appropriate order of the board (or, if necessary, a subpoena duces tecum) pursuant to its broad powers under KRS 342.260. If the employer needs temporary custody in order to submit them to its witnesses in lieu of bringing the witnesses to Harlan or Frankfort to examine them, the board has the discretion to permit it under such conditions as it may deem reasonable and safe.

Had the board in this case directed the claimant to procure the films and turn them over to the company for examination we would uphold its right to dismiss the claim, with or without prejudice, upon her failure, without good cause, to do so within a reasonable time. But she was never so ordered, and we are unwilling to see her and the infant children penalized by virtue of what would surely appear to them and to the average layman as incomprehensible folderol between the lawyers.

The adversary nature of our practice sometimes leads us to forget that a trial is not a game, but is a quiet search for the truth. Cf. Wm. ·O. Douglas, The Public Trial and the Free Press, 46 ABAJ 840, 841 (Aug. 1960). There can be no justification for playing hide-and-seek with records that may be of assistance in that process. Upon remand of this case, and on proper motion, the board may issue such orders and subpoenas as are appropriate in order to enable medical witnesses of the company's choosing to examine the X-ray films without hardship or undue inconvenience.

In the absence of findings by the board on the merits of the case we shall not pass on the sufficiency of the claimant's proof to support an award.

Judgment reversed with directions that the cause be remanded to the Workmen's Compensation Board for further proceedings consistent with this opinion.