George D. VICARS, Appellant,

v.

BEAVER CREEK MINING COMPANY
et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1965.

Francis M. Burke, Francis D. Burke, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Fred G. Francis, Howard & Francis, Prestonsburg, for appellee.

PALMORE, Judge.

This appeal in a workmen's compensation case raises one question, whether the board abused its discretion in overruling a motion by the claimant to require the defendant to produce and deliver to the claimant's counsel, for examination, certain X-ray photographs taken at the instance of the physician who had examined the claimant in behalf of the defendant.

The claimant was 60 years of age and had worked in coal mines most of the time for 42 years. He was employed in the defendant's mine in 1955 and operated a coal cutting machine until some time in 1961, when he was put on a job running a mine motor. Both of these occupations involve much exposure to dust, as had his previous employment in other mines. For the last two years during which he worked for the defendant company he experienced shortness of breath, and in June of 1963 he consulted Dr. W. F. Clarke, of Pikeville, Kentucky, who advised him that he had silicosis. Meanwhile, he had quit his job in August of 1962 and had not returned to work because, he says, he was not physically able.

Both Dr. Clarke and Dr. Boyce Jones, of London, Kentucky, testified that in their opinions the claimant was suffering from silicosis. Both had conducted physical and X-ray examinations. Both had observed in their X-ray films the presence of discrete nodular type fibrosis in the lung fields. This condition usually is considered indicative of pneumoconiosis. Dr. Porter Mayo, Jr., of Lexington, Kentucky, examined the claimant in behalf of the defendant com-

pany. He testified that as a part of his examination he had used a fluoroscope as well as X-rays made at his request by a technician in another doctor's office. He observed certain fibrotic changes but no nodules, and testified that there was no evidence of pneumoconiosis.

The referee found that the claimant was disabled by pneumoconiosis or silicosis arising out of and in the course of his employment and awarded compensation. On full board review the board rejected the referee's findings and, in view of the "excellence of the content of the testimony of Dr. Porter Mayo plus the thoroughness of his examination, in conjunction with the other testimony which found that emphysema existed," concluded that the claimant "does not now suffer from pneumoconiosis or silicosis." Its dismissal of the claim was sustained by the circuit court.

The motion for production of the X-ray films used by Dr. Mayo was made promptly after his deposition had been taken at Lexington. It recites that permission to withdraw them, in order that they might be examined by an expert of the claimant's choice, was asked and refused at the time the deposition was given. The motion was overruled by the board.

Rule WCB-12 [1] of the Rules of Procedure of the Workmen's Compensation Board provides that the parties can take depositions in accordance with CR 26 through 37.06, excepting CR 27, 33 and 36. CR 34 provides that on motion showing good cause therefor (subject to exceptions not here pertinent) the court may order any party to produce and permit the inspection and reproduction of any relevant documents, photographs or other objects in his control. The order "may prescribe such terms and conditions as are just."

It was pointed out in Cox v. Peabody Coal Company, Ky., 357 S.W.2d 878 (1962), with specific reference to X-ray films, that there is no justification for playing hide-and-seek with records that may be of assistance in determining the truth. We agree with counsel for the appellee that "good cause" for the production of a particular thing means more than mere relevancy, competency or desirability, but we are unable to agree that there was no good cause in this instance.

We are constantly confounded (as indeed must be the Workmen's Compensation Board) by the diametrically contradictory testimony of medical witnesses. Usually there is no way at all to reach behind it. But when they both use X-rays and differ as to what should there be revealed in black and white (e. g., extensive nodulation in the lung fields), there is every good reason for further inquiry. To put it mildly, something is wrong. We do not insinuate any chicanery. We realize that X-ray films are subject to "interpretation," and an explanation may lie in the kind of pictures, the angles from which they were taken, and so on. Nevertheless, the state of the evidence is unsatisfactory, and reasonable inspection of all X-ray films by both sides is not only desirable but necessary to any thorough inquiry designed to ascertain the facts.[2]

It is of no importance that Dr. Mayo had the X-rays with him when he gave his deposition and claimant's counsel did not ask him to file them as exhibits. If he could have done so, as appellee's counsel appears to concede, a motion still would have been necessary in order for the claimant's expert to examine them anywhere but in Frankfort. We hardly think it would be reasonable or consistent with the objectives and policy of the Workmen's Compensation Law

1. Effective August 1, 1964, this rule was renumbered WCB-1-1-9.

2. In justice to able counsel for the employer it should be pointed out that as part of his motion for full board review he moved that a disinterested medical expert be appointed to conduct an independent examination and report his findings to the board. With a favorable ruling of the referee under his belt at this stage, the claimant naturally resisted, and that aspect of the motion was not sustained.

to expect a man in this claimant's position to pay a doctor's expenses from Pikeville or London to Frankfort so that he might examine X-ray films that can just as easily be made available elsewhere.

The case history and symptoms observable upon physical examination of the claimant being unquestionably consistent with a diagnosis of silicosis or pneumoconiosis, any X-ray film that indicates otherwise is a vital piece of evidence which ought to be made available for a careful and competent inspection. After all, though aided by fluoroscopic examination the X-ray films used by Dr. Mayo provided the main basis for the eventual result in this case. Why should they not be open to scrutiny? In our opinion it was an abuse of the board's discretion not to make them available under some reasonable terms.

The judgment is reversed with directions that the cause be remanded to the Workmens' Compensation Board for further proceedings consistent with this opinion.